CRESPO, PLAINTIFF AND APPELLANT, v. WORKMEN'S RELIEF COMMISSION, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in Proceedings to Review a Decision of the Workmen's Relief Commission.

No. 3130.—Decided December 9, 1924.

LABOR ACCIDENT—PLEADING—ATMOSPHERIC CONDITIONS.—A complaint in an action for damages for a labor accident wherein the workman alleges that while he was perspiring freely at his work he was drenched by a shower of rain as a result of which he lost almost totally the sight of his right eye and suffered a stroke of paralysis which permanently disabled him does not state sufficient facts unless it is alleged that the infirmity was contracted as a consequence of the fact that he was perspiring when the so-called accident occurred, or that because of that condition or of some other the risk that he was running was greater than that of the general public in the immediate vicinity.

The facts are stated in the opinion.

*Mr. B. Esteves* for the appellant.

*The Attorney General* and *Messrs. Guerra & Soldevila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant alleges:

"(1)—That on December 9, 1922, while working as a laborer in the construction of a house belonging to Attorney José Luis R. Cancio in San Sebastián, P. R., under Foreman José Torres, he met with an accident, as follows:

"That while mixing concrete by order of the foreman a little after 10 a. m., a car with lumber arrived which he was ordered to unload; that while engaged in this work and perspiring he was caught in a shower and could not escape without getting wet. A little later he began to feel dizzy and had to go home and keep to his bed, where he was attended by Dr. Miguel Rodríguez Cancio, a medical officer of the Workmen's Relief Commission in San Sebastián.

"(2)—That timely notice of the occurrence was given to the defendant, Workmen's Relief Commission, the case registered under No. 28745, and the formalities and requirements of law complied with.

"(3)—That inasmuch as the victim got worse as a result of the said occurrence, he notified the Committee, by José Padró, calling attention to the seriousness of the case and especially to the fact 'that the sight of the workman was in danger' and that his removal to San Juan was imperative; that the defendant Commission, in its session No. 742 of March 16, 1923, adopted the following resolution:

"'In the case of Juan Abad Crespo, No. 28746, a telegram from San Sebastián signed by one J. Padró and stating that the sight of the victim was in danger and that his removal to San Juan was imperative, came up for consideration; and after hearing the opinion of Dr. Díaz and carefully examining the record of the case the Commission decided to inform the injured workman that his case was not among those covered by the Act.'

"(4)—That the foregoing resolution was communicated to the workman on March 20, 1923, by the secretary of the defendant Commission.

"(5)—The plaintiff further alleges: That the foregoing resolution is mistaken and repugnant to the spirit of the Workmen's Compensation Act; that such resolution impairs and prejudices his rights as a workman; that as a consequence of the said misadventure while working, the plaintiff has lost almost completely the use of his right eye, and suffered a palpable disfigurement of the face and a facial paralysis that permanently incapacitates him from engaging in any remunerative employment."

In sustaining a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, the court below said:

"The ailment of the plaintiff as the result of a wetting from a shower while working is not a workman's accident as provided for by law. The first subdivision of section 2 of the Workmen's Accident Compensation Act, as amended by Act No. 61, approved July 14, 1921, provides:

" 'That the provisions of this Act shall apply to laborers injured or disabled or who lose their lives from accidents or sickness occurring because of any act or function inherent in their work or employment and while engaged therein and as a consequence thereof.'

"According to the letter and spirit of the law, compensation is allowed in cases of accidents or sickness arising out of and as a consequence of work or employment, it being absolutely necessary that the accident or sickness shall be caused by some act or function inherent in the work and occurring while engaged therein or as a result thereof. The sickness of the appellant does not originate from any act or function inherent in his work or resulting as a consequence thereof. It is true that the plaintiff was disabled while discharging one of the duties inherent in his work, but such disability did not result as a consequence of the work nor was it an inherent cause thereof.

"The plaintiff's case does not fall within those provided for by the Act and therefore the complaint can not prosper."

Plaintiff declined to amend and demanded judgment, which was duly entered.

We quite agree with appellant that the Workmen's Compensation Act should be liberally construed in the light of its beneficent purpose. It may also be conceded that had plaintiff averred that the illness was contracted as the result of his overheated condition at the time of the alleged accident and that on this account or because of the place where he had to work and its surroundings and because of any other circumstance the risk he ran was greater than that incurred by the public in general in the immediate neighborhood, then the complaint might be said to have stated facts sufficient to constitute a cause of action.

But there is no suggestion of any causal connection between the fact that the plaintiff was perspiring at the time of the shower and the illness that followed. The accident

mentioned as the proximate cause of the injury was the sudden shower. The mere fact that plaintiff was perspiring when the shower came in no wise changes the situation so that it may serve as a basis for establishing an exception to the general rule that excludes accidents caused by atmospheric conditions to which every one is equally exposed.

The court below could not assume nor take judicial notice of the fact, if it be a fact, as now claimed by appellant that the heated condition of plaintiff increased the risk he ran by reason of his exposure to the rain. The district judge might have concluded with equal or greater reason that the physical condition of plaintiff as described in the complaint, especially if he resumed his work after the shower, and whether he did so or not, would tend to produce a reaction, to diminish rather than increase the danger and to obviate rather than to superinduce the disastrous effects that ensued.

The complaint shows that plaintiff was at work on a building in process of construction and adjacent to other houses. There is nothing in the complaint to indicate that the plaintiff did not have the same opportunity to seek shelter as any other person in the street at that time and exposed to the same atmospheric conditions, whether similarly engaged or not.

Obviously the complaint, however liberally construed, does not state facts sufficient to constitute a cause of action.

The demurrer interposed by defendant was signed by the Attorney General and a firm of practicing attorneys. Appellant's first assignment is that:

"The district court erred in holding that Attorneys Guerra & Soldevila are qualified to represent the defendant Commission in this case."

We find no such ruling by the court nor any basis therefor in the record. But even had such question been raised and decided in the lower court we find no reversible error.

The contention is based . upon certain sections of the Workmen's Compensation Act and for the purposes of this opinion we may accept the proposition as submitted by appellant, namely, ''that it was the obvious intention of the Legislature to leave this work in charge of the Department of Justice in order that The People might not have to retain the services of attorneys, whose services they would naturally be required to pay later.''

The question, at most, seems to be one in which the attorneys for the appellee might be interested since it referred to the question of compensation for professional services rather than to the right they had as attorneys to appear in court on behalf of a client who may or may not have been authorized to name a special attorney. But be this as it may, it does not follow that the statute invoked places any limitation upon the right of attorneys for defendant to practice their profession or that the restriction involved, if any, is a matter in which plaintiff is concerned. Moreover, the alleged error, if committed, was harmless.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.